UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No.   EDCV 20-809-GW-SHKx | Date   August 6, 2020 |
| Title   *David Lopez v. AMG Bros Corporation, et al.* | Page   1 of 5 |

Present: The Honorable   **GEORGE H. WU, UNITED STATES DISTRICT JUDGE**

| Javier Gonzalez | None Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings:   IN CHAMBERS – RULING ON DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND REQUEST TO DECLINE SUPPLEMENTAL JURISDICTION OVER STATE CLAIMS [16]**

AMG Bros Corporation ("Defendant") has moved for partial summary judgment with respect to the claim for violation of the Americans with Disabilities Act ("ADA") in this action filed by David Lopez ("Plaintiff"), and has asked that the Court decline supplemental jurisdiction over the remaining state-law claim. One of the contentions underlying Defendant's motion is that all of the property conditions[1] underlying Plaintiff's ADA claim have been cured, and that his ADA claim is therefore moot. Plaintiff has filed an express non-opposition to the motion and has affirmatively "request[ed] that the [C]ourt decline to retain supplemental jurisdiction." Docket No. 21, at 2:14-15.

Based on the contents of the moving papers and the expressed non-opposition by Plaintiff, the Court concludes that the present motion can be decided without oral argument. Therefore, pursuant to C.D. Cal. L.R. 7-15, the August 10, 2020 hearing date is taken off-calendar.

Summary judgment shall be granted when a movant "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In other words, summary judgment should be entered against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on

---

[1] The case involves a Farmer's Insurance business Defendant allegedly operates at 9190 Sierra Avenue, property Defendant allegedly owns, in Fontana, California. *See* Complaint ¶¶ 3-4.

| | | |
|---|---|---|
| CV-90 | CIVIL MINUTES—GENERAL | Initials of Deputy Clerk JG |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | EDCV 20-809-GW-SHKx | Date | August 6, 2020 |
| Title | David Lopez v. AMG Bros Corporation, et al. | Page | 2 of 5 |

which that party will bear the burden of proof at trial." *Parth v. Pomona Valley Hosp. Med. Ctr.*, 630 F.3d 794, 798-99 (9th Cir. 2010).

To satisfy its burden at summary judgment, a moving party without the burden of persuasion "must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000); *see also Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001) (*en banc*); *Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 532 (9th Cir. 2000).

> If the party moving for summary judgment meets its initial burden of identifying for the court the portions of the materials on file that it believes demonstrate the absence of any genuine issue of material fact, the nonmoving party may not rely on the mere allegations in the pleadings in order to preclude summary judgment[, but instead] must set forth, by affidavit or as otherwise provided in Rule 56, specific facts showing that there is a genuine issue for trial.

*T.W. Elec. Serv., Inc., v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir.1987) (internal citations and quotation marks omitted).

As noted above, Plaintiff has not opposed the instant motion – in fact, he filed an express non-opposition. In addition to the effect this failure-to-oppose/decision-not-to-oppose has under Federal Rule of Civil Procedure 56(a)[2], (c)(1)[3], (c)(3)[4], and (e)(2) and (3)[5], this Court's Local Rules

---

[2] "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

[3] Subparagraph (c)(1) of Rule 56 sets forth the evidentiary requirements for "[a] party asserting that a fact…is genuinely disputed." Fed. R. Civ. P. 56(c)(1).

[4] "The court *need* consider *only* the cited materials, but it *may* consider other materials in the record." Fed. R. Civ. P. 56(c)(3) (emphasis added).

[5] "If a party…fails to properly address another party's assertion of fact as required by Rule 56(c), the court may…(2) consider the fact undisputed for purposes of the motion; [or] (3) grant summary judgment if the motion and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | EDCV 20-809-GW-SHKx | Date | August 6, 2020 |
| Title | David Lopez v. AMG Bros Corporation, et al. | Page | 3 of 5 |

56-2 and 56-3 are relevant. Though the situation is arguably different for an express non-opposition (due to rules of waiver and forfeiture), while the Court *cannot* consider Plaintiff's non-opposition, in and of itself, as a basis to grant Defendant's motion, see C.D. Cal. L.R. 7-12, Local Rule 56-2 requires any party opposing a summary judgment motion to file "a separate document containing a concise 'Statement of Genuine Disputes' setting forth all material facts as to which it is contended there exists a genuine dispute necessary to be litigated.'" C.D. Cal. L.R. 56-2. Plaintiff has submitted no Statement of Genuine Disputes, as a separate document or otherwise. Nor has he proffered any evidentiary objections, meaning that he has waived the opportunity to have excluded from consideration any inadmissible evidence. Local Rule 56-3 provides that, when deciding a motion for summary judgment,

> the Court may assume that the material facts as claimed and adequately supported by the moving party are admitted to exist without controversy except to the extent that such material facts are (a) included in the "Statement of Genuine Disputes" and (b) controverted by declaration or other written evidence filed in opposition to the motion.

C.D. Cal. L.R. 56-3; *see also Heinemann v. Satterberg*, 731 F.3d 914, 917 (9th Cir. 2013). Moreover, "whatever establishes a genuine issue of fact must *both* be in the district court file *and* set forth in the response." *Carmen v. San Francisco Unified Sch. Dist.*, 237 F.3d 1026, 1029 (9th Cir. 2001) (emphasis in original); *see also* Phillips & Stevenson, RUTTER GROUP PRAC. GUIDE: FEDERAL CIV. PRO. BEFORE TRIAL (The Rutter Group 2020) §§ 14:329-330.

The upshot of this is that, assuming Defendant has adequately supported the material facts that it claims exist without controversy and that it has satisfied his burden as the moving party, summary judgment is warranted. Nevertheless, "[s]ummary judgment may be resisted and must be denied on no other grounds than that the movant has failed to meet its burden of demonstrating the absence of triable issues." *Henry v. Gill Indus., Inc.*, 983 F.2d 943, 950 (9th Cir. 1993); *see*

---

supporting materials – including the facts considered undisputed – show that the movant is entitled to it...." Fed. R. Civ. P. 56(e)(2), (3).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | EDCV 20-809-GW-SHKx | Date | August 6, 2020 |
| Title | David Lopez v. AMG Bros Corporation, et al. | Page | 4 of 5 |

also *Marshall v. Gates*, 44 F.3d 722, 725 (9th Cir. 1995) (holding that a ruling granting summary judgment where movant had not met its burden and opponent had merely filed its opposition late would effectively serve as sanction for late filing in contravention of *Henry*); *Martinez v. Stanford*, 323 F.3d 1178, 1182 (9th Cir. 2003) (recognizing a similar rationale where motion completely unopposed).

In Defendant's Separate Statement in Support of His [sic] Motion for Partial Summary Judgment and Request to Decline Supplemental Jurisdiction Over State Claims ("DSS"), Docket No. 17-1, Defendant has proffered as an undisputed fact that "the elements of the Property identified in Plaintiff's Complaint are presently compliant under applicable federal and state accessibility standards." DSS ¶ 7. The DSS then specifically addresses changes to the van-accessible parking space, access aisle, and ramp at the property, and also notes the replacement of the ramp with a compliant path-of-travel. *See id.* ¶¶ 9-14. The declaration provided as evidentiary support for each of these purported undisputed facts does indeed support these facts. *See* Declaration of Jason James in Support of Defendant's Motion for Partial Summary Judgment and Request to Decline Supplemental Jurisdiction Over State Claims, Docket No. 16-2, ¶¶ 2, 4-7, 9-15. Having expressly not opposed the motion, Plaintiff admits all of these facts. *See* Fed. R. Civ. P. 56(c)(1), (e)(2); C.D. Cal. L.R. 56-3. As Defendant contends, the property conditions covered by these factual assertions constitute all of the conditions at issue in Plaintiff's Complaint. *See* Complaint ¶¶ 10-12, 14-16, 27. Due to his express non-opposition, Plaintiff has given the Court no reason to conclude that any of the alleged previously-existing accessibility violations are reasonably likely to recur.

Given the foregoing, Plaintiff's ADA claim is moot insofar as injunctive relief is concerned. *See Oliver v. Ralphs Grocery Co.*, 654 F.3d 903, 905 (9th Cir. 2011) ("Because a private plaintiff can sue only for injunctive relief (i.e., for removal of the barrier) under the ADA, a defendant's voluntary removal of alleged barriers prior to trial can have the effect of mooting a plaintiff's ADA claim."); *Johnson v. Oishi*, 362 F.Supp.3d 843, 848 (E.D. Cal. 2019); *Vogel v.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | EDCV 20-809-GW-SHKx | Date | August 6, 2020 |
| Title | David Lopez v. AMG Bros Corporation, et al. | Page | 5 of 5 |

*Winchell's Donut Houses Operating Co., LP*, 252 F.Supp.3d 977, 984-85 (C.D. Cal. 2017). Plaintiff expresses no continued interest in attempting to recover attorney's fees, litigation expenses or costs of suit under the ADA. As such, the Court grants partial summary judgment in Defendant's favor with respect to Plaintiff's ADA claim. Insofar as that was the only claim giving the Court original jurisdiction over this matter, the Court declines supplemental jurisdiction over the sole remaining claim in the Complaint, a California state-law claim. *See* 28 U.S.C. § 1367(c)(3).

     The case is dismissed, on the merits as to the first claim for relief, and due to a discretionary declination of jurisdiction as to the second claim for relief.